Report oe Majority.
In Assembly, March 11th, 1858.
Mr. Crain, from a majority of the committee on privileges and eleqtions, to which was referred the petition of James A. Dolan, claiming the seat now occupied by Hon. John Gr. Seeley reported in writing, as follows:
Report oe a Majority oe the CoMmittee on Privileges and ELECTIONS, ON THE PETITION OE JAMES A. DoLAN, CLAIMING THE Seat oogupied by Hon. John Gr. Seeley.
Mr. Crain, from a majority of the committee on privileges and elections, to which was referred the petition of James A. Dolan, claiming the seat, now occupied in this House by Hon. John G. Seeley, begs leave, on behalf of the majority of said committee, to submit the following report: The contestant claims the seat now occupied by Mr. Seeley, upon the ground, as he alleges, that he (the contestant) received a majority of the legal votes cast for member of Assembly, in the fourth Assembly district of the city of New York, at the late general election. It is conceded on all sides that 'Mr. Seeley received at that election a greater number of votes for member of Assembly than the contestant, or any other candidate running for that office; but it is -claimed that the votes cast for Seeley were illegal and void, for the reason, as is alleged, that he was not at the time of .holding that election, a resident of the said Assembly district. Only two questions, therefore, were presented to the committee, viz.:
*297 1st. Is there anything in the Constitution or laws of this State requiring that a member of Assembly should be, at the time of the election, a resident of the 'Assembly district from which he is returned ?
2d. If such residence is a necessary qualification for holding a seat in this Body, was, or was not, the Hon. John G. Seeley a resident of the Assembly district from which he was returned as member at the time of the late general election ?
Both parties have been attended by counsel. The committee requested the counsel for the contestant to cite some authorities tending to show that the electors of an Assembly district could not, in 'their discretion, elect a resident of another Assembly district to represent them in this House. The counsel for the contestant has never produced any such authority. The committee, however, to still better satisfy themselves and the House as to the legal question involved, reported through their chairman to the House, a resolution calling upon the Attorney-General for his opinion as to this point. This resolution was adopted, and in pursuance thereof, the Attorney-General has transmitted his opinion to this House, in which he holds that there is nothing in the Constitution or laws of the State, requiring that a member of the Assembly should bé a resident of the Assembly district from which he is returned at the time of his election. In that opinion the committee concur.
Hpon this question of fact involved, to wit: As to whether Mr. Seeley was or was not a resident of the fourth Assembly district, at the time of the late general election, the committee have taken the testimony of many witnesses. Although the committee regard this evidence as entirely immaterial in the decision of this case, they have, nevertheless, thought it proper, under the circumstances, to submit the testimony to the House, together with this report. The committee are of opinion that the evidence abundantly establishes that Mr. Seeley was a resident of the fourth Assembly district of the city of New York at the time of the late election for members of Assembly, within the meaning of the term “ resident,” as used in all statutes upon the subject of elections and the qualifications of voters. In the opinion of the‘committee, the Hon. John G. Seeley is legally entitled to the seat he now occupies in this House, and that the contestant has no claim whatever to said seat.
The committee therefore submit the following resolution, to wit:
Resolved, That Hon. John G. Seeley is entitled to the seat now *298 occupied by him in this House, and that James A. Dolan is not entitled to said seat.
Assemby Documents, 1858, No. 96.
Assembly Journal, 1858, page 532.
Minobity Report.
In Assembly, Mcvreh l^th, 1858.
Mr. Mather, from a minority of the committee on privileges and elections, to which was referred the petition of James Dolan, claiming the seat now occupied by the Hon. John G-. Seeley reported in writing, as follows :
Report of a Minority of the Committee on Privileges and Elections, on the Petition of James A. Dolan, Claiming the Seat Occupied by Hon. John Gr. Seeley.
The minority of the committee on privileges and elections, to which was referred the petition of James A. Dolan, contesting the seat of John Gr. Seeley, as member of Assembly, representing the fourth Assembly district of New York, beg leave respectfully to report, that they have investigated the facts connected with the claim of the aforesaid James A. Dolan, together with' matters relevant to the returns of elections in this disputed case, by the examination of witnesses, many of whom resided in said district, and cognizant of the said facts. The evidence shows that said John Gr. Seeley and James A. Dolan and another person, were candidates for the office of Assembly, in the.fourth Assembly district in New York, at the last general election. That said Seeley received a plurality of the votes in said district; that said James A. Dolan, received the next greater number of votes in said district; that said Dolan was a resident and voter in said district, and had been for eight or ten years last, past; and that said Seeley’s family are residents of the county of Washington, about two hundred miles distant from New York.
From the foregoing facts, the minority have arrived at the conclusion that the aforesaid John Gr. Seeley is not, legally, a member of this Assembly, and that his seat should be vacated in favor of the aforesaid James A. Dolan, this conclusion being based upon" the following facts, as proven :
1. That the said John G. Seeley is not and was not, at the period of his alleged election, a resident of the fourth Assembly district in the city of New York. That he removed his family from said city *299 two or three years since to tbe county of Washington, and they have made it their permanent residence, and have not since resided in the city of New York.
2. That the residence of a married man (by the decision of our courts) is where his family resides ; therefore, Mr. Seeley is a resident of Washington county, and not a resident of the county of New York.
Now, the structure of our republican form of government or system depends, for its justice and integrity, upon the representation of certain portions of the State by persons identified with the interests of such portions; and, for this reason, the Constitution has apportioned the entire State into districts, giving to each its proper delegate, in order that through such delegate, the local wants and rights of the district should be properly represented in the State Legislature. If it had been of no importance that each district should be thus separately and peculiarly represented by its own local citizen, then the Legislature might as well be elected upon a State ticket, and the members taken indiscriminately from any and all sections, and a merchant doing business in New York may be chosen to represent tiie farming interests of Washington county, or the fishing interests on our lake shores.
But, common sense as well as justice, assures us, that the framers of our State Constitution intended, by their apportionment of representation and enumeration of districts, the object was, that each county or other district should have its rights supported, and its wants cared for in the Legislature, through a delegate whose legal citizenship was in their midst, and whose interests were identified with their own.
From the evidence, we deem John G. Seeley a non-resident of said Assembly district; therefore, if a non-resident of the district or county may claim a seat in the Assembly, so may a non-resident of the State, or even an alien, chosen through ignorance or inattention upon the' part of the voters of such district, presume, upon his certificate of election, to claim a seat, and assist in enacting the laws of the State, wherein he is not eligible to exercise the primary privileges of citizenship.
Now the said John G. Seeley, so far as regards the fourth Assembly district in the city of New York is concerned, was, and is, to all intent and purpose, an alien ; not being eligible to exercise the primary right to vote, even for hitnself, in said district; or, had he thus *300 voted, he would have been liable to be prosecuted and punished, under the law for illegal voting.
3. In view of the facts in the case, we recommend the speedy adjustment of the same, in order to furnish a precedent for action in cases of a similar nature that may hereafter arise. And for that purpose the minority of your committee respectfully ask the adoption of the following resolution, to wit:
Fesol/oed, That the seat now occupied by John G-. Seeley as a member.of Assembly from the fourth Assembly district of thé city and county of New York, rightfully belongs to James A. Dolan ; said Seeley, being a non-resident of the said district, is hereby adjudged to be ineligible to represent said district, and that the said James A. Dolan, the claimant, be duly installed in his rights as member of this Assembly, from the fourth Assembly district in the city of New York.
(Signed.) JOHN MATHEE.
Assembly Documents, 1858, No. 97.
See Assembly Documents, 1858, No. 101, pages 1 to 8, for evidence, &a.
Assembly Journal, 1858, page 532.